## WILLIAMSON *v.* CALHOUN.

No. 12227. JUNE 17, 1938.

*I. W. Rountree,* for plaintiff.
*A. S. Bradley* and *F. C. Williams,* for defendant.

ATKINSON, Presiding Justice. A petition was filed on August 2, 1937, praying that the defendant be enjoined from proceeding with the sale of certain property under a fi. fa. levied thereon. The judge to whom this petition was presented, on November 8, passed an order dissolving the temporary restraining order theretofore granted. On November 27 thereafter the plaintiff sued out and had approved a bill of exceptions reciting that the court "passed an order dissolving said interlocutory injunction and refusing to enjoin the defendant as prayed in said petition; to which judgment refusing said interlocutory injunction and refusing to enjoin the defendant the plaintiff in error in this bill of exceptions then and there excepted and now excepts and assigns the same as error." Immediately thereafter, on the same day, the plaintiff petitioned the court to grant a supersedeas. This petition was not acted upon until December 6, when the judge granted a supersedeas upon condition that the plaintiff give a bond in terms of the law. The plaintiff not having given the bond, the defendant proceeded with the sale, which took place on the following day, December 7. A motion was made in this court to dismiss the writ of error, on the ground that the judgment excepted to and which the plaintiff in error seeks to have reviewed is as to the refusal to grant an interlocutory injunction restraining the sale, and that

the question involved is moot. The defendant in error further asks this court to assess damages of 10 per cent. of the amount of the execution, on the ground that the bill of exceptions was filed for the purpose of delay and vexation only. To this motion the plaintiff in error responds, and admits that the issue presented in the bill of exceptions is moot, but says that, the court's order granting a supersedeas having been passed only one day before that on which the sale was advertised to take place, she was unable to give the bond required; that the bill of exceptions could not in law have been presented later than the date on which it was presented and approved, and was not filed for purposes of delay only.

■ The writ of error will be dismissed, it appearing that the plaintiff in error did not comply with the court's order granting a supersedeas upon the giving of a supersedeas bond, and that the sale which it was sought by the plaintiff to enjoin has taken place and the property again resold.

■ Under the circumstances this court does not assess damages against the plaintiff in error on the ground of a frivolous appeal or that the bill of exceptions was filed for purposes of delay only.

*Writ of error dismissed. All the Justices concur.*